COMMONWEALTH *vs.* RONALD DAVID LeCLAIRE. No. 89-P-573. January 23, 1990. *Breaking and Entering. Evidence*, Fingerprints. *Practice, Criminal*, Required finding.

On this appeal from guilty verdicts on complaints charging him with breaking and entering in the nighttime with the intent to commit a felony, larceny, and the wanton destruction of property,[1] the defendant argues

---

[1]The judge reduced the value of the property at issue on the latter complaints from over $100 to a value under that amount. He also placed the conviction for wanton destruction of property on file. We do not consider the defendant's appeal from that conviction. See *Commonwealth v. Delgado*, 367 Mass. 432, 437-438 (1975). Compare *Commonwealth v. Boone*, 356 Mass. 85, 88 (1969).

that he was entitled to required findings of not guilty as the sole evidence tying him to the crimes was his thumbprint found on a broken window. Concluding that the Commonwealth presented evidence which reasonably excluded the hypothesis that the thumbprint was impressed at a time other than when the crimes were being committed, we affirm the judgments.

1. *The evidence.* There was evidence to show that as of May, 1987, the defendant was an employee of Ashby/Cross, a manufacturer of parts for epoxy guns. The first week in June, he called into work stating that he was ill. He was absent from work the entire week prior to June 5, 1987.

At about 7:00 A.M. on June 5, another Ashby/Cross employee discovered that the building had been broken into sometime after the normal close of business, 5:00 P.M., the day before. Access to the building had been gained through a street-level, double-panel, slide-track window. The first pane, an exterior window screen, had been slid along its track to the side to expose the glass pane. There was a jagged hole in the glass pane, measuring about seven inches in diameter. Inside the building, near the window, a block of wood was found on the floor next to the desks. There was shattered glass on the tops of the desks situated near the window.

The interior office door was ajar, and the door leading to the outside was closed but unlocked. Unless unlocked from the inside, both doors required a key to be opened. Prior to the date in question, all the windows at Ashby/Cross were intact. From this evidence it reasonably could be inferred that there had been a forced entry into the building.

That the defendant was the burglar could be inferred from the following evidence. There were four fingerprints on the window. Three were located on the interior side of the glass, and the fourth, a thumbprint, on the outside. Although the three interior prints were smeared and could not be identified, the thumbprint was clear. It was determined to be the defendant's. From the placement pattern of the four prints around the jagged hole in the glass, the Commonwealth's expert witness opined that the prints were consistent with someone grabbing the window through the hole, that is, with the thumb on the outside and the three fingers on the inside.

At the close of the Commonwealth's case, the defendant requested a required finding of not guilty on all the complaints. Upon the denial of his motion, his sister testified on his behalf, stating that on the night in question he babysat for her at her apartment, arriving at about 8:00-8:30 P.M. and remaining until 8:00 A.M. the next morning. On cross-examination, the sister acknowledged that she did not know and could only assume that the defendant remained at her apartment that entire time. The defendant also testified, stating that he was at his sister's during the time in dispute. Further, he testified that, in the course of his employment with Ashby/Cross, he had been near the window on four or five occasions and that it was "possible" that, on one of those occasions, he had leaned against it.

2. *The Commonwealth's case.* It is the defendant's argument that, as the only evidence offered by the Commonwealth to show his guilt was his thumbprint, he is entitled to required findings of not guilty on all the complaints. "[T]he presence of a fingerprint at the scene of the crime is not by itself a sufficient basis for submitting a case to a jury." *Commonwealth* v. *Fazzino*, 27 Mass. App. Ct. 485, 487 (1989), citing *Commonwealth* v. *LaCorte*, 373 Mass. 700, 703 (1977), and *Commonwealth* v. *Clark*, 378 Mass. 392, 404 (1979). As can be seen from our recitation of the facts, however, the Commonwealth's evidence consisted of more than the defendant's thumbprint. In addition to the physical characteristics of the window prior to the break-in, there was evidence (by stipulation) that the defendant's work did not require him to be in the office where the break occurred, and he did not have permission or authority to be in that room. Further, although the Commonwealth's expert witness could not identify the three smeared interior prints, he testified that in his opinion the placement of all the prints about the hole indicated that they had been impressed simultaneously when the window was grabbed through the hole. We think the evidence "reasonably excludes the hypothesis that the fingerprints were impressed at a time other than when the crime was being committed." *Commonwealth* v. *Fazzino*, 27 Mass. App. Ct. at 487. The cases cited by the defendant as support for his argument are distinguishable on their facts, which reveal that in each instance the prosecution failed to exclude the hypothesis discussed at *id.* See, e.g., *Borum* v. *United States*, 380 F.2d 595 (D.C. Cir. 1967); *United States* v. *Corso*, 439 F.2d 956 (4th Cir. 1971); *Townsley* v. *United States*, 236 A.2d 63 (D.C. 1967); *People* v. *Henderson*, 53 A.D.2d 984 (N.Y. 1976); *State* v. *Minton*, 228 N.C. 518 (1948).

3. *Deterioration of the Commonwealth's case.* There is no merit in the defendant's argument that the Commonwealth's case so deteriorated after he and his sister testified that he was entitled to required findings of not guilty at the close of all the evidence. See *Commonwealth* v. *Kelley*, 370 Mass. 147, 150 n.1 (1976); *Commonwealth* v. *Hastings*, 22 Mass. App. Ct. 930, 931 (1986), and cases therein cited; *Commonwealth* v. *Lebron*, 23 Mass. App. Ct. 970, 971 (1987); *Commonwealth* v. *Mercado*, 24 Mass. App. Ct. 391, 398 (1987).

*Judgments affirmed.*

*Thomas C. Regan* for the defendant.
*Dyanne J. Klein*, Assistant District Attorney, for the Commonwealth.