COMMONWEALTH *vs.* DEREK WESLEY HALL. No. 90-P-846. May 5, 1992. *Evidence,* Fingerprints.

This is an appeal from a conviction of armed robbery. At trial, the sales clerk, who had worked in the store on the day of the robbery, testified that she could only give a general description of the robber (a slim, black male) and was unable to identify the defendant. The defendant's fingerprint was found by the police on a doorknob of the lavatory into which the robber forced the witness. At the close of the Commonwealth's evidence, the defendant moved for a required finding of not guilty, which the judge denied. The defendant did not present evidence. The defendant challenges the judge's denial of the motion for a required finding of not guilty, claiming that the evidence was insufficient to show that he committed the crime because there was no evidence of when the fingerprint was placed on the doorknob. We affirm.

The presence of a fingerprint at a crime scene is insufficient by itself to support a guilty finding. "The prosecution must couple the fingerprint[] with evidence which reasonably excludes the hypothesis that the fingerprint[] [was] impressed at a time other than when the crime was being committed." *Commonwealth* v. *Fazzino*, 27 Mass. App. Ct. 485, 487 (1989). We conclude that the evidence submitted in this case supports a reasonable inference that the defendant placed his fingerprint on the doorknob at the time of the crime.

Circumstantial evidence may produce inferences, and these inferences "need only be reasonable and possible, . . . not necessary or inescapable." *Commonwealth* v. *Merola*, 405 Mass. 529, 533 (1989), quoting from *Commonwealth* v. *Beckett*, 373 Mass. 329, 341 (1977). The jury properly could have found that on May 9, 1991, a man entered the Harvard Square Cleaners, spoke with the only sales clerk who was working, left the store briefly after stating he had to use "the bathroom" and then returned. As the sales clerk was filling out a slip for his cleaning, he held a knife to her neck, opened the cash register and took $400. He then told the clerk to go to the back of the store, where he shut her in the lavatory and then tied the door shut with a cord from a vacuum cleaner. It was at the time he placed the clerk in the lavatory that the Commonwealth claimed the defendant touched the doorknob.

We think the prosecution was able to couple the fingerprint evidence with other evidence which reasonably excludes the hypothesis that the fingerprints were "impressed at a time other than when the crime was being committed." *Commonwealth* v. *Fazzino, supra. Commonwealth* v. *Baptista, ante* 910, 911 (1992). The jury could infer that Hall was the person who committed the crime from the following evidence: (1) because the employee worked a twelve-hour shift that day and had been employed by the store since October, 1988, she would likely have recognized Hall if he was also a store employee, delivery person, or regular customer; (2) because the robber said he left the store to use a bathroom, he was unfamiliar with the fact that the establishment did have a bathroom; (3) because the robber apparently did not know that the store had a bathroom, it is reasonable to infer that he had no prior opportunity to place his fingerprint on the door handle to the bathroom which was only available to employees and delivery people; and (4) because the fingerprint lifted from the doorknob was unsmudged, and since the bathroom was used regularly by all the store's employees, the print was likely put there by one of the last people to touch the knob. See *Fazzino, supra.*

*Judgment affirmed.*

*Richard B. Klibaner* for the defendant.

*Shelley M. Richmond* (*James W. Sahakian,* Assistant District Attorney, with her) for the Commonwealth.