COMMONWEALTH *vs.* SALEEM ESTREMERA. No. 93-P-1595. September 20, 1994. *Identification. Evidence,* Fingerprints. *Receiving Stolen Goods.*

Saleem Estremera, the defendant, was convicted of buying, receiving, possessing, concealing, or obtaining control of a motor vehicle when knowing, or having reason to know, that it was stolen (G. L. c. 266, § 28[*a*]). He appeals from the denial of his motion for a required finding of not guilty. We decide that the Commonwealth, indeed, failed to adduce sufficient evidence to avoid such a finding and that the motion should have been allowed. Accordingly, we reverse.

There follows, in summary, the evidence, viewed in the light most favorable to the Commonwealth. *Commonwealth* v. *Campbell,* 378 Mass. 680, 686 (1979). Thomas Kasilowski testified that he left his car in the parking lot of the Lowell Boys' Club between 4:30 and 4:45 P.M. on April 3, 1992. Upon his return between 7 and 7:30 P.M., the car was gone, and Kasilowski reported its theft to the police. Early the next morning, an Andover patrolman found the car in the parking lot of the Andover Marriott hotel. The steering column had been damaged, and Kasilowski noticed that the rubber stripping around a window seemed to have been disturbed.

Another Andover officer, Kevin Burke, dusted the car for latent fingerprints after it was towed to the police station. Burke testified that he found latent fingerprints on and above the outside door handle on the driver's side, on the outside and inside of the window on the driver's side, and on the inside of the window on the passenger side. He did not testify whether, in his opinion, the prints were "fresh." He submitted the results to the State police for entry into their computer system. After an interval of three months, Burke received a communication from the State police identification unit that "the computer had made a positive identification." Acting on that report, Burke obtained a booking card from the Lowell police department containing Estremera's fingerprints. Burke compared the prints on the card with the latent prints he recovered from Kasilowski's automobile and "was able to make a positive identification with *several* latent prints recovered from the [car]" (emphasis added). He did not specify the location on the car of the latent prints that matched the ones on the booking card.

Estremera was required to submit to a fingerprint examination in the courtroom the day of trial. Burke testified that the prints taken in court were the same as the other prints he had compared. He did not elaborate. The fingerprints taken in court and slides of the prints lifted from Kasilow-

ski's automobile, but not the Lowell booking card, were admitted in evidence.

On the basis of that evidence the Commonwealth did not meet its burden of proving beyond a reasonable doubt that Estremera had ever possessed the automobile. No evidence other than the "several" fingerprints linked Estremera to the automobile, and, thus, there was no evidence that he had done more than touch it. Had one of those fingerprints been identified as having been taken from the inside of the car, the case might be closer. As it is, we are left to speculate on this score. "[T]he mere fact that a fingerprint is found at the scene of the crime is insufficient to warrant submitting the case to the jury. There must also be 'further evidence linking the defendant to the crime . . . [enabling] the prosecution to establish beyond a reasonable doubt that the fingerprints in fact were placed at the scene during the commission of the crime.'" *Commonwealth* v. *Clark*, 378 Mass. 392, 404 (1979), citing *Commonwealth* v. *LaCorte*, 373 Mass. 700, 703 (1977). It is the prosecution's burden to "rebut the possibility that the fingerprints had been placed [at the scene] at a time other than that of the occurrence of the crime." *Commonwealth* v. *Fazzino*, 27 Mass. App. Ct. 485, 486 (1989).

The presence of Estremera's fingerprints on the outside of the car and the *possible* presence of one or more of his fingerprints at some point inside one of the car windows[1] does not, without more, accomplish this. Kasilowski did not testify that he closed the windows fully or locked the car when he left it. There was no other evidence that, when combined with the fingerprints, linked Estremera with the crime of possessing the Kasilowski vehicle knowing or having reason to know that it was stolen. Compare *Commonwealth* v. *LaCorte*, 373 Mass. at 701-703; *Commonwealth* v. *Clark*, 378 Mass. at 393-396; *Commonwealth* v. *Fazzino*, 27 Mass. App. Ct. at 486-488; *Commonwealth* v. *Baptista*, 32 Mass. App. Ct. 910, 911 (1992); *Commonwealth* v. *Hall*, 32 Mass. App. Ct. 951, 952 (1992); *Commonwealth* v. *Keaton*, 36 Mass. App. Ct. 81, 85 (1994).

*Judgment reversed.*
*Verdict set aside.*
*Judgment for the defendant.*

*Alisa M. Rosenthal* for the defendant.
*Shelby D. Wright*, Special Assistant District Attorney, for the Commonwealth.

---

[1]The Commonwealth argues that the judge could, on observing the slides of prints lifted from the car, have seen the legends, "RM Saleem" and "SIMULT. IN WIN," which allegedly indicate that the print that was lifted from one of the inside windows (even the Commonwealth cannot say which) matched Estremera's right middle finger. There was no testimony to this effect at trial.