Blake, J.
Following a jury-waived trial, a judge of the District Court found the defendant guilty of breaking and entering in the daytime with the intent to commit a felony, and larceny of property over $250. On appeal, the defendant argues that absent additional evidence linking him to the crimes, a latent fingerprint was legally insufficient to support the convictions. Because we conclude that the Commonwealth did, in fact, present further circumstantial evidence, we affirm the defendant’s convictions.
Background. The undisputed facts are as follows. On August 30, 2013, Albano’s Market in the city of Springfield closed at 6:00 p.m. When the proprietor left, the door was locked and all windows were in place. She returned early the following morning after she was informed that there was an open window at the store. Once at the store, both she and a police officer noted that a plexiglass windowpane had been removed from its frame and left *478 leaning against the front door of the store. The empty window frame was about two and one-half feet wide, over six feet from the ground at its highest point, and located to the right of the store’s front door. Beneath the window frame was a “little knee wall.” The police officer also observed a milk crate in front of the same door, which he surmised the thief had used to gain entry into the store. Items inside the store had been knocked to the floor from their shelves. The proprietor reported that cigarettes were missing, the value of which was about $400 to $500, in addition to an undetermined amount of change.
The subsequent police investigation yielded latent fingerprints “around the sides” of the upper half of the plexiglass windowpane, “like if you lifted it and put it to the side.”[1] Springfield police Detective Juan Estrada analyzed the fingerprints, and testified that one was a match with a known sample provided by the defendant.[2] Estrada further testified that the age of a fingerprint cannot be determined when a crime scene is processed, but that fingerprints can deteriorate when exposed to weather. At trial, the defendant did not contest the manner by which the fingerprint evidence was secured and analyzed. Nor did he contest that the fingerprint was his.
Discussion. In reviewing the denial of a motion for a required finding of not guilty, we view the evidence in the light most favorable to the Commonwealth. Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). The Commonwealth may submit a case wholly on circumstantial evidence; inferences drawn from that evidence “need only be reasonable and possible,” not “necessary or inescapable.” Commonwealth v. Woods, 466 Mass. 707, 713 (2014), quoting from Commonwealth v. Merola, 405 Mass. 529, 533 (1989). “[T]he presence of a fingerprint at the scene of the crime is not by itself sufficient basis for submitting a case to a jury.” Commonwealth v. Fazzino, 27 Mass. App. Ct. 485, 487 (1989). “The prosecution must couple the fingerprints with evi *479 dence which reasonably excludes the hypothesis that the fingerprints were impressed at a time other than when the crime was being committed.” Ibid. See Commonwealth v. Baptista, 32 Mass. App. Ct. 910, 911 (1992).
Such a hypothesis has reasonably been excluded in this case. In addition to the fingerprint, the circumstantial evidence depicts a crime scene that essentially speaks to how the burglar gained access to the market: by entry through a window, from which a pane had been removed, with a milk crate that could have been used to bolster the burglar into the market from the ground. As in Commonwealth v. Ye, 52 Mass. App. Ct. 390, 392-393 (2001), here the defendant was unknown to the victim of the crime and had no apparent connection to the store. The location of the fingerprint on the windowpane, the point of entry for the break-in, provides further circumstantial evidence. The print was located nearly six feet from the ground, on the perimeter of the pane, where someone would hold it in order to lift it out of its frame. Apart from removing the windowpane to gain entry into the market, there is no other reasonable, innocent explanation for the presence of the defendant’s fingerprint on that part of the window.[3] Taking all of the circumstantial evidence together, a fact finder reasonably could have inferred that the defendant perpetrated the crime. See Commonwealth v. LeClaire, 28 Mass. App. Ct. 932, 934 (1990); Commonwealth v. Baptista, supra at 911-912.[4]

Judgments affirmed.

 Although the officer equivocated somewhat on cross-examination regarding the orientation of the plexiglass in the frame, he affirmed on redirect that the fingerprints were recovered “up high” on the window, as the plexiglass was oriented in the frame before it was removed.

 Although there was some inconsistent testimony as to how many fingerprints were lifted from the windowpane by the police, Detective Estrada testified that he matched one print lifted from the windowpane with “the #9 ring finger of the defendant” by analyzing the defendant’s previously obtained “standard fingerprint card.” We refer to one fingerprint in this decision, but nothing turns on the exact number of prints.

 The dissent rests on the assumption that it is equally plausible that, based on the evidence presented, the real culprit left no fingerprints behind while the defendant innocently touched the plexiglass and impressed his fingerprint while the pane was resting against the door of the market overnight, or that he somehow climbed up and impressed it on the pane at an earlier time. While these scenarios are within the realm of possibility, “[t]he Commonwealth need not ‘exclude every reasonable hypothesis of innocence’ to prove its case, if the record viewed in its entirety supports ‘a conclusion of guilt beyond a reasonable doubt.’ ” Commonwealth v. Platt, 440 Mass. 396, 401 (2003), quoting from Commonwealth v. Merola, 405 Mass. 529, 533-534 (1989).

 The rationale of Baptista, supra, is not a bar to the result reached in this case. In Baptista, this court held that one way to infer that the fingerprints were impressed at the time the crime was committed was the placement of the defendant’s prints in an area that was not accessible to the public. Id. at 911- *480 912. This rationale did not exclude the use of other, equally valid, methods of proof in cases such as the one here.
Nor are we bound by the holding in Commonwealth v. Morris, 422 Mass. 254, 257 (1996). There, the defendant’s fingerprint was found on a mask left near the crime scene, without sufficient further proof to tie him to the crime. Here, the defendant’s fingerprint was found in a distinct location on the plexiglass. If the plexiglass remained intact in the window, it would not likely be touched by a member of the public, thereby further linking the defendant to the removal of the windowpane that served as the point of entry for the break-in.