**Pedro Salgado RIVERA, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 3–784A204.

Court of Appeals of Indiana, Third District.

April 22, 1985.

Robert R. Garrett, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Presiding Judge.

Pedro S. Rivera brings this direct appeal from his conviction for Dealing in a Narcotic Drug, Schedule I, a Class B Felony.[1] Rivera's trial counsel timely filed a Motion to Correct Errors, specifying three errors, which was denied.

---

1. Ind.Code 35–48–4–1 (Burns Code Ed.1979).

Those errors are restated on appeal as follows:

I. Was there a proper foundation to permit the admission into evidence of the drugs allegedly sold by the appellant?

II. Did the court err in permitting the concealment of the identity of the confidential informant?

III. Did the State prove its case beyond a reasonable doubt?

■ The argument section of Rivera's brief is less than three pages long. With regard to each specification of error, appellate counsel makes no attempt to argue on Rivera's behalf but concedes, without citation to authority, that the defendant has no argument. Moreover, on the third error specified, which raises a question of sufficiency of the evidence, counsel incorrectly states that the defendant waived the issue by failing to move for a directed verdict at the close of the State's case. *See Denman v. State* (1982), Ind.App., 432 N.E.2d 426, 433, (questions of sufficiency may be raised for the first time on appeal).

■ In general when a defendant fails to meet the dictates of Ind.Rules of Appellate Procedure, Rule 8.3(A)(7) by presenting cogent argument and citation to authority, any issues raised will be deemed waived on appeal. *Dunaway v. State* (1982), Ind., 440 N.E.2d 682; *Jones v. State* (1978), 270 Ind. 141, 387 N.E.2d 440. In this case, however, we believe appointed counsel has effectively denied the defendant his statutory and constitutional right to appeal, *see Blackmon v. State* (1983), Ind.App., 450 N.E.2d 104, by flippantly conceding or erroneously waiving each error preserved for review.[2]

■ A defendant is entitled to the assistance of counsel at each stage of the proceedings, including direct appeal. *State ex rel. Youngblood v. Walker* (1947), 225 Ind. 375, 75 N.E.2d 551. When an indigent defendant's right to counsel is facilitated by the appointment of counsel at public expense, he is entitled to receive at least the same minimum standard of representation as one retaining counsel on his own. *U.S. v. Weston*, 708 F.2d 302 (7th Cir.1983). We do not believe that standard has been met by Rivera's appellate counsel in this instance. Mindful of the difficulties faced by the public defender when presented with a weak case for appeal, we, nevertheless, cannot countenance the avenue pursued by counsel in this case. Such blatant non-representation of a client falls far short of even the minimal standards of representation one would expect of privately retained counsel.

Accordingly, the attorney for appellant is ordered to rebrief this case in compliance with the rules of the Court and in keeping with the standards set out above. Counsel has thirty days from receipt of this opinion to rebrief. The State may file an answer brief within thirty days from the filing date of appellant's brief.

HOFFMAN, J., concurs.

GARRARD, J., concurs with opinion.

GARRARD, Judge, concurring.

I concur in the ordered rebriefing. I appreciate that counsel has a professional obligation to not attempt to mislead the court. In addition he should not argue frivolous claims, and may as a matter of good advocacy desire to leave unargued some nonfrivolous claims. *See Jones v. Barnes* (1983), 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987.

On the other hand, it is judicial review not attorney review to which a person con-

---

**2.** Counsel sums up the "argument" as follows:
   "Appellant counsel has reviewed the record in the instant case and researched the law applicable to the specifications of error presented in the Motion to Correct Errors. That duty was imposed by the appointment and the dictates of appellate practice. What was not imposed is that appellant indulge in creative legal fiction to find non-existance [*sic*] error.
   The appellee may well want to adopt the brief of the appellant as its own."
   \* \* \* \* \*
   CONCLUSION
   "The appellant has had his right to appellate review. So be it."

victed of a crime is entitled. In the case before us we are merely afforded counsel's conclusions that the issue is without merit on two of the claims; by implication that is the result as to the third.

This appears to me no less a denial of judicial review than the court found in *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 181 L.Ed.2d 493 where counsel elected to file no brief because he deemed the appeal nonmeritorious. *See also Hendrixson v. State* (1974), 161 Ind.App. 434, 316 N.E.2d 451.