**AUTO–OWNERS INSURANCE COMPANY, Plaintiff and Appellee,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Appellant,**

and

**Vickie F. Smith, Defendant and Appellee,**

and

**David A. Kuske and Joanne C. Kuske, Defendants.**

**Civ. No. 880114.**

Supreme Court of North Dakota.

Jan. 9, 1989.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for plaintiff and appellee Auto–Owners Ins. Co.; argued by Carlton J. Hunke.

Cahill & Maring, P.A., Moorhead, Minn., for defendant and appellant State Farm Mut. Auto. Ins. Co.; argued by Steven L. Marquart.

Wegner, Fraase, Nordeng & Johnson, Fargo, for defendant and appellee Vickie F. Smith; argued by Craig E. Johnson.

Schneider, Schneider & Schneider, Fargo, for defendants David A. Kuske and Joanne C. Kuske. No appearance.

MESCHKE, Justice.

State Farm Mutual Automobile Insurance Company appealed from a judgment declaring that an insurance policy issued to Joanne Kuske had not been properly cancelled and supplied liability coverage for a Granada automobile in an accident on September 5, 1985. We affirm.

The Granada automobile, operated by David Kuske, Joanne's son, collided with a vehicle driven by Vickie Smith. Vickie was injured and her daughter, Stephanie, a passenger in Vickie's car, was killed.

Vickie claimed uninsured motorists benefits from her insurance company, Auto–Owners Insurance Company. Auto–Owners denied Vickie's claim and sued for a declaratory judgment that the Granada was insured by State Farm at the time of the accident. State Farm answered that the policy insuring the Granada had been cancelled for nonpayment of premium before the accident. After trial, the trial court found that State Farm failed to establish that it had mailed a written notice of cancellation, and declared that the insurance policy was in effect on the date of the accident.

The Granada was first insured with State Farm during 1983 by its owner, Herman Satherhagen. Herman gave the car to Joanne, his daughter. On October 19, 1984, Joanne filed a new application with State Farm to insure the Granada. Joanne was the named insured on the application and David was listed as an occasional driver. Joanne insured the automobile for a term of six months, until April 19, 1985. During March 1985 Joanne notified State Farm agent, Lyle Songstad, that David was no longer a member of her household and would not be driving the Granada. State Farm removed David as an occasional driver of the vehicle, thereby reducing the premium. A credit for the premium reduction was applied to a renewal of the policy for six months beyond April 19, 1985, but that credit was only enough to extend coverage until May 19, 1985. Joanne did not pay the balance of the premium necessary for the full six month renewal.

The policy authorized State Farm to cancel coverage "by written notice, mailed to [the insured's] last known address." State Farm sought to prove that it mailed a cancellation notice to Joanne at her father's address on May 6, 1985.

At the time, the relevant part of Section 26–02–34, N.D.C.C., said:

"No insurer shall exercise its right to cancel a policy unless a written notice of cancellation is mailed or delivered to the named insured, at the address shown in the policy, ..." [1]

And, the relevant part of Section 26–02–38, N.D.C.C., said:

mail, return receipt requested, or delivered to the named insured, at the address shown in the policy, ..."

---

1. Although not applicable to this case, the section now says that "[n]o insurer shall exercise its right to cancel a policy unless a written notice of cancellation is mailed by certified

"A post-office department certificate of mailing to the named insured at the address shown in the policy, shall be sufficient proof of notice...."

State Farm conceded that it did not obtain a certificate of mailing of the cancellation notice.[2] The trial court found that State Farm failed to prove that it had mailed a written notice of cancellation to Joanne. The only issue on appeal is whether that finding was clearly erroneous.

■ Joanne and Herman testified that they did not receive a cancellation notice on the Granada. State Farm suggested that it was improper for the trial court to consider this testimony, because State Farm had to prove only that the cancellation notice was mailed, not that it was received. We believe that evidence that a letter was not received is probative of whether it was mailed. *See State v. Tininenko*, 371 N.W.2d 762 (N.D.1985).

Lyle Songstad, the State Farm agent who sold the insurance policy to Joanne, testified that he received a copy of the cancellation notice on the Granada, but he was unable to produce that copy because the file had been destroyed in March or April 1986.

Carol Podwinski, a service specialist working in the State Farm mailroom, testified about the procedure used when the cancellation notice was supposedly mailed. On an average day, Carol handled some 300 or 400 pieces of mail. When she received the envelopes they had already been addressed by someone else and stuffed with the cancellation notices. In addition to the envelopes she received yellow copies of the cancellation notices which State Farm retained for its files. Carol did not testify that she examined the contents of the envelopes or that she examined the envelopes to determine if they were addressed with the same names and addresses on the yellow copies. Rather, Carol testified that on the day the notice was supposedly mailed she date-stamped and initialed each yellow copy and that she counted the number of yellow copies and the number of envelopes to determine if there was an equal number of each. Carol then transported the envelopes to the post office, where they were mailed first class.

■ Evidence that a letter was mailed can raise a rebuttable presumption that the letter was received by the addressee. *Dawson Farmers Elevator Co. v. Opp*, 57 N.D. 598, 223 N.W. 350 (1928). *See also* § 31-11-03(24), N.D.C.C. and Rule 301, N.D.R.Ev. State Farm asserted that Carol's testimony that she mailed the notice was presumptive evidence of its mailing, that other evidence did not overcome Carol's testimony, and that, therefore, the trial court erred in finding that State Farm had not proved that it had mailed the notice. We believe that State Farm's characterization of Carol's testimony was imprecise.

■ Carol did not testify that she mailed a notice of cancellation to Joanne, because Carol apparently had no knowledge of whether an envelope addressed to Joanne and stuffed with a cancellation notice had ever been prepared or mailed. Carol's testimony that she date-stamped and initialed a yellow company copy of a notice addressed to Joanne and that the total number of company copies on that day corresponded with the number of envelopes she delivered to the post office was some evidence that State Farm mailed a cancellation notice to Joanne. But it was only some evidence; it was not conclusive. State Farm's failure to obtain a certificate of mailing and Joanne and Herman's testimony that the notice was not received by them was also relevant evidence. The trial

---

**2.** A certificate of mailing is a post-office document (Postal Service Form 3817 for an individual item or Form 3877 for three or more pieces of mail) which shows that an item of ordinary mail was received by the post office for mailing, the name and address of the sending party, the name and address of the person to whom the item is being mailed, and that the correct postage was affixed to the item. Currently, the cost is 45¢ per article listed individually on Form 3817 or 15¢ per article for three or more multiple pieces of mail listed on Form 3877. *See U.S. Postal Service Domestic Mail Manual* § 931 *et. seq. See also Postal Service International Mail Manual,* § 310, *et. seq.* (1988).

court was obviously not persuaded by State Farm's showing.

We are not firmly and definitely convinced that the trial court made a mistake. Therefore, we conclude that the trial court's finding was not clearly erroneous, and we affirm the judgment of the district court.

ERICKSTAD, C.J., VANDE WALLE and GIERKE, JJ., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of LEVINE, J., disqualified.