NICKISCH–RESSLER FUNERAL
HOME, INC., Petitioner
and Appellee,

v.

Alice P. ROMANICK, as Personal Representative of the Estate of Mike Kassion, Deceased, Respondent and Appellant.

Civ. No. 890107.

Supreme Court of North Dakota.

Jan. 18, 1990.

John Romanick (argued), Washburn, for respondent and appellant.

Lucas and Smith, Bismarck, for petitioner and appellee; argued by A. William Lucas.

MESCHKE, Justice.

Alice P. Romanick, personal representative of the estate of Mike Kassion, deceased, appealed from an order of the McLean County Court allowing a claim by Nickisch–Ressler Funeral Home for funeral services. We affirm.

When Mike Kassion died in February 1985, his children arranged his funeral. Allen, a son, and Marie, a daughter, signed a contract with Nickisch–Ressler for services of $4,459. Soon after the funeral, Allen was appointed personal representative of the estate. In August 1987, Allen was replaced as personal representative by Alice P. Romanick, another daughter.

Meanwhile, the bill for funeral services went unpaid. Finally, in August 1988, Nickisch–Ressler petitioned in the County Court for allowance and payment of its claim for funeral services. The estate moved to dismiss the petition "because [it] fail[ed] to state a claim ... upon which relief can be granted in that it appears ... that the right of action is barred by the provisions of North Dakota Century Code Section 30.1–19–03 paragraph 2. as amended."

NDCC 30.1–19–03(2) bars "[a]ll claims against a decedent's estate which arise at or after the death of the decedent, ... unless presented as follows:

"a. A claim based on a contract with the personal representative, within four months after performance by the personal representative is due.

"b. Any other claim, within three months after it arises."

This claim was based on contract.

The principal officer of the funeral home, Willard Nickisch, testified from its business records that statements had been mailed to Allen Kassion at his addresses in Billings, Montana, on February 28, April 8,

May 31, June 30, and July 31, 1985. The dates of mailing had been recorded on the back of the copy of the funeral purchase contract, which was introduced as an exhibit. Allen's sister, Marie, verified Allen's addresses in Billings, Montana, reinforcing the testimony about the business records.

After some procedural delays, the County Court determined that Allen Kassion as personal representative "had personal knowledge of the claim and certainly constructive notice thereof." The County Court also found that the decedent's will had directed his personal representative to "pay out of my estate all my just debts and funeral expenses as soon after my decease as conveniently may be." The County Court allowed the claim as a debt of the estate. The estate appealed.

The estate argued that the funeral claim was barred because the funeral home did not prove timely presentation of the claim to the personal representative. Nickisch–Ressler countered that "no evidence was offered by the estate to show or prove the statements were not received by Allen Kassion." The funeral home also argued that the claim had been allowed by the personal representative's inaction under NDCC 30.-1-19–06(1); that the express direction for payment in the decedent's will had "create[d] an express trust for the payment of the funeral bill;" that acts of deception by Allen Kassion equitably estopped the estate from refusing the funeral bill; and, citing *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988), that the statute barring an unpresented claim, without notice to a known creditor, was unconstitutional. We decide only the issue of presentation of the claim by mail.

A claim against a decedent's estate can be presented in a variety of ways. NDCC 30.1-19–04 says:

> *"Manner of presentation of claims.—*
> Claims against a decedent's estate may be presented as follows:
>
> "1. The claimant may deliver or mail to the personal representative a written statement of the claim indicating its basis, the name and address of the claimant, and the amount claimed, or may file a written statement of the claim, in the form prescribed by rule, with the clerk of the court. The claim is deemed presented on the first to occur, either receipt of the written statement of claim by the personal representative, or the filing of the claim with the court. If a claim is not yet due, the date when it will become due shall be stated. If the claim is contingent or unliquidated, the nature of the uncertainty shall be stated. If the claim is secured, the security shall be described. Failure to describe correctly the security, the nature of any uncertainty, and the due date of a claim not yet due does not invalidate the presentation made.
>
> "2. The claimant may commence a proceeding against the personal representative in any court where the personal representative may be subjected to jurisdiction, to obtain payment of his claim against the estate, but the commencement of the proceeding must occur within the time limited for presenting the claim. No presentation of claim is required in regard to matters claimed in proceedings against the decedent which were pending at the time of his death.
>
> "3. If a claim is presented under subsection 1, no proceeding thereon may be commenced more than sixty days after the personal representative has mailed a notice of disallowance, but, in the case of a claim which is not presently due or which is contingent or unliquidated, the personal representative may consent to an extension of the sixty-day period, or to avoid injustice, the court, on petition, may order an extension of the sixty-day period, but in no event shall the extension run beyond the applicable statute of limitations."

Thus, a claim can be presented by delivery, mailing, filing, or suit. Presentation simply denotes notice of the claim to the personal representative. Usually, "a simple written statement mailed to the personal representative is a sufficient 'claim.'" 1

R. Wellman, Uniform Probate Code Practice Manual 323 (2d ed. 1977). This claim was presented by mailing.

Evidence that a letter was mailed raises a disputable presumption that it was received by the addressee. NDCC 31–11–03(24); *Auto–Owners Insurance Company v. State Farm Mutual Automobile Insurance Company,* 434 N.W.2d 348, 350 (N.D.1989). "A party against whom a presumption is directed has the burden of proving that the nonexistence of the presumed fact is more probable than its existence." NDREv 301. The estate offered no evidence to show that the mailings were not received. Allen Kassion did not testify. Accordingly, if there was a satisfactory showing that the funeral bill was mailed to the personal representative, the County Court's decision must be affirmed. Evidence of mailing a bill to the personal representative of an estate supports a finding of presentation, unless outweighed by evidence that it was not received.

The estate attacked the evidence of mailing as "vague and based on conjecture," and as "legally insufficient to raise the presumption that a statement was mailed and received...." The funeral home offered testimony from its business records to show mailing of statements to Allen Kassion. Although the employee who did the mailing and made the record was unavailable to testify, the funeral home relied on NDCC 31–08–01 and NDREv 803(6) which make regularly kept business records competent evidence. While two of the five mailings were returned undelivered, the mailing evidence nevertheless supported a finding of delivery of three of the mailings to the then personal representative.

 We see no abuse of discretion by the County Court allowing business record evidence of presentation of the funeral bill by mail. The business records and testimony of the funeral home may not have been as complete and painstaking as the estate would have liked. In this context, these arguments go to the weight, not the admissibility of the mailing evidence. Absent

contradiction, the County Court gave decisive weight to the evidence of mailing.

The business records and testimony evidenced that Allen Kassion, the then personal representative of the estate, was duly notified of the funeral bill by mail. *See State v. Tininenko,* 371 N.W.2d 762 (N.D. 1985). The County Court's finding of presentation was not clearly erroneous. NDRCivP 52(a). The funeral claim was not time barred.

We affirm.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.