**CITY OF FARGO, Plaintiff and Appellee,**

v.

**Kurtis Wade GUSTAFSON, Defendant and Appellant.**

**Cr. No. 900225.**

Supreme Court of North Dakota.

Nov. 13, 1990.

Thomas J. Gaughan, City Atty., Fargo, for plaintiff and appellee. Submitted on brief.

Michael C. O'Neel, O'Neel Law Office, Fargo, for defendant and appellant. Submitted on brief.

MESCHKE, Justice.

Kurtis Wade Gustafson appealed a jury conviction of theft, challenging the sufficiency of the evidence. We affirm.

A security officer for the Target Store testified that, watching through "peg holes," she observed Gustafson select four Nintendo tapes from displays and place them in a shopping cart. Shortly, the security officer saw him, in another aisle and separated from his accompanying boy, pick two of the tapes from the cart and put them into his coat. Then, Gustafson went to the snack area, met his boy, and purchased a beverage. He left his cart, threw something into a garbage can, and exited through the front door with his boy. When the security officer went after him, she saw Gustafson running through the parking lot and across the street while his boy ran to a vehicle in the parking lot. The security officer brought the boy back into the store.

According to the security manager for the Target Store who was called to the scene, Gustafson soon returned and denied taking the tapes. Gustafson claimed that he'd gone to another store to find a better bargain. After discussion with security personnel, Gustafson offered to pay for the missing tapes because he "didn't need the hassle."

Gustafson testified that he had not taken the tapes and that the only two tapes that he had removed from displays were still in the cart when he returned to the store, as he showed the police and security officers. His eight-year-old boy testified too, corroborating some details of Gustafson's testimony.

In rebuttal, the security officer testified that when Gustafson and his boy got outside the store, they looked back and saw her approaching. Gustafson was 20 to 25 yards ahead of her, and both he and his son started running. She testified that Gustafson saw her running after them. In surrebuttal, Gustafson testified that he had not looked back nor had he seen the security officer after him, but that he and his boy often raced.

The jury found Gustafson guilty of theft of the two tapes valued at $89.98. Appealing, Gustafson recognizes that the verdict was largely based on credibility, but argues that there was "grossly insufficient evidence." Gustafson argues that the evidence was particularly lacking because the security officer was uncorroborated, because the garbage can that Gustafson passed had not been checked, and "because the supposedly stolen cartridges were never retrieved."

The City answers that the question of the sufficiency of the evidence cannot be reviewed on appeal because Gustafson failed to move for a judgment of acquittal pursuant to NDRCrimP 29(a).[1] Gustafson replies that we have not explicitly ruled

---

**1.** NDRCrimP 29(a) says:

*Motion Before Submission to Jury.* The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment, information, or complaint after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without having reserved the right.

that a motion for acquittal was necessary at trial in order to question the evidence on appeal, and that we should not do so because the rule authorizes the trial court to enter a judgment of acquittal "of its own motion."

We have recently repeated:

We have previously ruled that a motion for judgment of acquittal at the close of the prosecution's case in chief preserves the issue of insufficiency of evidence for appellate review, even without a renewal of the motion at the close of all the evidence.

*State v. Schaeffer*, 450 N.W.2d 754, 756 (N.D.1990) (citations omitted). Implicitly, this statement expresses the settled position that, for review on appeal, a question must be "appropriately raised in the trial court so that the trial court can intelligently rule on it." *State v. Allen*, 237 N.W.2d 154, 157 (N.D.1975), quoting from *State v. Haakenson*, 213 N.W.2d 394, 399 (N.D. 1973). The trial court did not act, on its own motion, to acquit Gustafson. Since Gustafson did not ask the trial court to rule on the sufficiency of the evidence, that question has not been saved for appellate review.

Our criminal rule on a motion for acquittal is largely derived from the comparable federal rule. *See* Explanatory Note, NDRCrimP 29 and FRCrimP 29. Differences in wording between our rule and its federal counterpart make it clear, however, that a motion for acquittal is not authorized in North Dakota practice if it is not made during the trial. *Compare* NDRCrimP 29(c) with FRCrimP 29(c). "The North Dakota rule does not permit a motion for judgment of acquittal after the jury returns a verdict of guilty." Explanatory Note, NDRCrimP 29. The text of our rule clearly precludes questioning the sufficiency of the evidence for the first time on appeal.

■ Even under the broader phrasing of the federal rule that allows a motion for acquittal to be made to the trial court after a jury verdict, federal decisions hold that appellate review of the sufficiency of evidence is waived and unavailable unless a motion for acquittal has been made to the trial court. 9 Fed.Proc., L.Ed. § 22:828 (1982). *See*, as examples, *United States v. Clark*, 646 F.2d 1259, 1267 (8th Cir.1981); *United States v. Wright–Barker*, 784 F.2d 161, 170 (3rd Cir.1986); and *United States v. Moya–Gomez*, 860 F.2d 706, 745 n. 33 (7th Cir.1988). The text of NDRCrimP 29, its explanation, its derivation, and our course of decisions all instruct that a motion for acquittal must be made during the trial in order to obtain review of the sufficiency of the evidence for a conviction. The question whether the evidence was sufficient to convict Gustafson was not saved for our review.

Gustafson urges that the criminal rules allow review of obvious errors and defects affecting substantial rights "although they were not brought to the attention of the [trial] court." NDRCrimP 52(b). We are not persuaded that Gustafson's substantial rights were transgressed.

■ On appellate review of a criminal conviction, we determine only whether there was competent evidence for the jury to reasonably infer guilt and to fairly convict. *State v. Jacobson*, 419 N.W.2d 899, 901 (N.D.1988); *State v. Carson*, 453 N.W.2d 485 (N.D.1990). We give due regard to the opportunity of the jury to weigh the credibility of the witnesses. Applying these standards, we believe that there was sufficient evidence to convict Gustafson of theft and that there was no obvious error.

We affirm.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.