STATE of North Dakota, Plaintiff and Appellee,

v.

LaNora R. HIMMERICK, Defendant and Appellant.

Cr. No. 920173.

Supreme Court of North Dakota.

April 27, 1993.

Robert Allan Freed, Asst. State's Atty., for plaintiff and appellee; submitted on brief.

William A. Mackenzie, Jamestown, for defendant and appellant; submitted on brief.

NEUMANN, Justice.

LaNora R. Himmerick appeals from an order deferring imposition of sentence for the crime of false statement in violation of Section 12.1–11–02(2)(b) and (e), N.D.C.C., entered by the Stutsman County Court. We affirm.

LaNora Himmerick and Brian Himmerick were married in 1984 and had two daughters during their marriage. They divorced in 1989. LaNora applied for and received various welfare benefits offered through Stutsman County Social Services (Social Services). In the late months of 1990, LaNora and Brian attempted reconciliation. LaNora notified Social Services that Brian was returning to the household, and her welfare benefits were discontinued. The attempted reconciliation failed, Brian left the household, and LaNora reapplied for and received welfare benefits in the summer of 1991.

On November 18, 1991, Social Services received a letter from Michael Barnett, LaNora's brother-in-law, alleging that LaNora was defrauding the welfare system. The letter charged that Brian had returned to the household, LaNora had failed to report his return to Social Services, and yet she continued to receive full benefits. Upon

investigation, Social Services determined that LaNora had received an overpayment for the months of November and December, 1991, due to Brian's return to the household. The investigators also decided that LaNora owed Social Services a total refund for those two months. Social Services signed a criminal complaint in Stutsman County Court against LaNora for the crime of false statement in violation of Section 12.1–11–02(2)(b) and (e), N.D.C.C. The complaint was based on documents LaNora was required to file with Social Services each month to receive benefits. Social Services accused LaNora of providing false information in those documents. Following a bench trial, LaNora was found guilty, received a deferred imposition of sentence for one year, and had a civil judgment in the amount of $3,473.07 entered against her. This appeal, based on the sufficiency of the evidence, followed.

■ Before reaching the merits of LaNora's appeal, we must first resolve some troubling procedural matters. The first concern is whether this Court has jurisdiction over LaNora's appeal from the order deferring imposition of sentence. Although neither party has raised this issue, "[t]he right of appeal in this state is governed by statute, and is a jurisdictional matter which we will consider *sua sponte*. This court has the duty to dismiss an appeal on its own motion if the attempted appeal fails for lack of jurisdiction." *State v. Klocke*, 419 N.W.2d 918, 919 (N.D.1988) (citation omitted).

There is a statutory provision specifically governing LaNora's appeal. In relevant part, it provides:

> "*Sentencing alternatives—Credit for time in custody—Diagnostic testing.*
>
> \* \* \* \* \* \*
>
> 4. A court, upon application or its own motion, may defer imposition of sentence. The court must place the defendant on probation during the period of deferment. *An order deferring imposition of sentence is reviewable upon appeal from a verdict or judgment.*"

Section 12.1–32–02(4), N.D.C.C. (emphasis added).

■ The problem with this appeal arises because, in LaNora's notice of appeal, she states that she is appealing from "the order deferring imposition of sentence dated May 29, 1992." The statute does not allow for an appeal directly from the order itself and neither does precedent from this Court. In *State v. Kottenbroch*, 319 N.W.2d 465 (N.D.1982), we held that an order deferring imposition of sentence is not an *appealable* order, however "it is *reviewable* upon appeal from a verdict or judgment." *Id.* at 471. *See also State v. Coutts*, 364 N.W.2d 88, 89 n. 1 (N.D.1985) (if a defendant appeals from the court's verdict or judgment, an order deferring imposition of sentence is reviewable).

In the record on appeal, there is no separate judgment entered, nor is there a separate verdict of guilt submitted by the trial court. Thus, at first blush, it appears that we should dismiss LaNora's appeal as not being from a judgment or verdict. However, Rule 37(b), N.D.R.Crim.P., and Rule 4(b), N.D.R.App.P., allow a notice of appeal, filed after the announcement of the verdict, decision, sentence, or order, but before the entry of the judgment, to be treated as filed after the entry of the judgment. While enlightening, those rules are of little avail to LaNora, as no judgment has ever been entered. More helpful to her is established precedent of this Court, which states:

> "We have previously held that we will treat the notice of appeal as filed on the date judgment is entered, even though it may be a *future or fictitious date*, because it would serve no useful purpose to remand solely for purposes of entry of judgment before the merits of the case can be decided. *State v. Garvey*, 283 N.W.2d 153 (N.D.1979)."

*State v. McMorrow*, 286 N.W.2d 284, 286 n. 4 (N.D.1979) (emphasis added).

Additionally, upon further examination, we find that the opening paragraph of the trial court's order deferring imposition of sentence is equivalent to a verdict of guilt. It reads:

"WHEREAS, the defendant LANORA R. HIMMERICK, having appeared before the Court on the 29th day of May, 1992, for the crime of *FALSE STATE-MENT* and after trial and the Court having found the defendant Guilty and defendant not having any legal cause to show why Judgment should not be pronounced against her, therefore the Court does adjudge and sentence LANORA R. HIMMERICK in the following manner;
...."

It is clear to us that the trial court intended the order to be its verdict of guilt, and its order deferring imposition of sentence. Thus, even though the trial court did not entitle the document "verdict," we conclude that the appeal is correctly within our jurisdiction. We reach this conclusion because we prefer to choose the substance of a document over its form. Such a concept is not novel to this Court, for we have previously said: "[S]tatutes conferring the right to appeal must be liberally construed, and ... in determining appealability it is not the label which controls but, rather, the effect." *Kaiser v. State*, 417 N.W.2d 175, 177 (N.D.1987) (quoting *State v. Jelliff*, 251 N.W.2d 1, 4 (N.D.1977)). The effect of the order of the trial court was to pronounce its verdict of guilt, and then proceed to defer imposition of LaNora's sentence. LaNora's appeal from that document is an appeal from the trial court's verdict.

The second procedural issue before us is whether LaNora waived her right to challenge the sufficiency of the evidence on appeal by failing to move for a judgment of acquittal during trial. We hold that, in her bench trial, merely by pleading "not guilty," LaNora challenged the sufficiency of the State's evidence, and preserved that issue for appellate review. In so holding, we are abrogating a well-established procedural requirement in criminal bench trial cases by overruling settled precedent of this Court. However, we view our departure from *stare decisis* justified by more recent developments in the United States Supreme Court and this Court. *See infra* note 1.

Prior to this opinion, we required parties to raise the issue of sufficiency of the evidence for appeal in some manner at the trial court level, be it in a bench trial or a jury trial. Generally, we have stated that if the defendant does not challenge the sufficiency of the evidence at trial, the defendant is precluded from raising the issue for the first time on appeal. *See State v. Hepper*, 316 N.W.2d 338, 342 (N.D. 1982); *State v. Garvey*, 283 N.W.2d 153, 158 (N.D.1979); *Braun v. Riskedahl*, 150 N.W.2d 577, 581 (N.D.1967).

More specifically, this Court has held "many times that it will not review the sufficiency of the evidence unless the matter has been brought before the lower court either by a *motion for a new trial or by a motion for an advised verdict [now properly a motion for a judgment of acquittal]*." *State v. Haakenson*, 213 N.W.2d 394, 398 (N.D.1973) (emphasis added).[1] *See City of Fargo v. Gustafson*, 462 N.W.2d 649 (N.D.1990); *State v. Schaeffer*, 450 N.W.2d 754 (N.D.1990); *State v. Huwe*, 413 N.W.2d 350 (N.D.1987); *State v. Engebretson*, 326 N.W.2d 212 (N.D.1982); *State*

---

1. The older cases dealing with this point cited the need to bring a motion for an "advised verdict or new trial." However, through the evolution of law in this area, the appropriate motion for a defendant to bring in the trial court, when challenging the sufficiency of the evidence, is one for a judgment of acquittal. *State v. Holy Bull*, 238 N.W.2d 52, 54 n. 1 (N.D. 1975). That motion is contained in Rule 29, N.D.R.Crim.P. Additionally, we have expressed our willingness to treat motions to "dismiss" or to "direct a verdict" as motions for a judgment of acquittal under Rule 29. *State v. Holy Bull*, 238 N.W.2d at 54 n. 2.

Furthermore, in light of developments in the United States Supreme Court and this Court, a motion for a new trial is an illogical motion to bring when challenging the sufficiency of the evidence, as opposed to the weight of the evidence. In *Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), the Supreme Court held that reversal based on insufficiency of the evidence precluded retrial because of double jeopardy principles. Therefore, the only appropriate remedy was a judgment of acquittal. A reversal based on the weight of the evidence, on the other hand, did not involve double jeopardy concerns, and the granting of a new trial was proper. For an explanation of the distinction between "sufficiency" and "weight," *see State v. Kringstad*, 353 N.W.2d 302 (N.D.1984) and *State v. Oasheim*, 353 N.W.2d 291 (N.D.1984).

v. Smith, 238 N.W.2d 662 (N.D.1976); State v. Stevens, 238 N.W.2d 251 (N.D. 1975); State v. Allen, 237 N.W.2d 154 (N.D.1975); State v. Berger, 234 N.W.2d 6 (N.D.1975); State v. Neset, 216 N.W.2d 285 (N.D.1974); State v. Gill, 154 N.W.2d 791 (N.D.1967); State v. Berger, 148 N.W.2d 331 (N.D.1966); State v. Timm, 146 N.W.2d 552 (N.D.1966); City of Dickinson v. Simonieg, 136 N.W.2d 126 (N.D.1965). These cases required a defendant to make a motion for judgment of acquittal during trial to preserve the issue of sufficiency of the evidence for appeal. In the past, absence of such a motion would not save the issue of sufficiency of the evidence for our review.

Today, we are more compelled to find that, in a bench trial, such a procedural requirement is unnecessary. Hereafter, the entry of a not guilty plea in a criminal bench trial case is adequate to preserve the issue of sufficiency of the evidence for appeal. To the extent that the above cases and others like them are in conflict with this opinion, they are overruled.

■■■ This new pronouncement does not, however, reach civil cases or criminal jury cases, nor does it apply to challenges based on the *weight* of the evidence. As explained in note 1 of this opinion, there is a significant difference between weight and sufficiency. It is because of this difference that we reach our decision here. When a party challenges the weight of the evidence, that party must, by necessity, make a motion to the trial judge to adequately raise the issue and preserve it for appeal.

"When a motion for a new trial is made on the ground that the verdict is against the weight of the evidence the issues are far different [from sufficiency issues]. The trial judge may, within limits, weigh the evidence and in so doing evaluate for himself [or herself] the credibility of the witnesses."

2. North Dakota's criminal rule on the motion for a judgment of acquittal reads as follows:
   "*(a) Motion Before Submission to Jury.* The court on motion of a defendant or of its own

State v. Kringstad, 353 N.W.2d 302, 306 (N.D.1984). Weight of the evidence is a credibility question involving evidentiary events unfolding at trial. The trial judge is in the best position to review those events.

■■ On the other hand, a challenge based on the sufficiency of the evidence is one couched in legal terms. In such a challenge, the defendant contends that the State does not have sufficient evidence to convict because an element of the crime is missing. It is a legal, rather than a factual, consideration. Merely by pleading not guilty, the defendant has called into question the legal sufficiency of the State's evidence. The assertion of a not guilty plea goes to the very foundation of the crime charged. As such, we are very persuaded by those courts which recognize that "findings based on legally insufficient evidence are inherently serious enough to create a substantial risk of a miscarriage of justice," thereby warranting full review of the issue whether or not a motion for judgment of acquittal was made during trial. Commonwealth v. Baptista, 32 Mass.App.Ct. 910, 585 N.E.2d 335, 336 (1992) (quoting Commonwealth v. Mc-Govern, 397 Mass. 863, 494 N.E.2d 1298 (1986)). See also Rivera v. State, 477 N.E.2d 110, 111 (Ind.App.1985) (citing Denman v. State, 432 N.E.2d 426, 433 (Ind. App.1982)).

■■ Charles A. Wright, in his authoritative treatise on federal procedure, supports full review of the issue of the sufficiency of the evidence on appeal regardless of any motions made in the trial court. He points out that requiring a motion is unnecessary because "the plea of not guilty asks for a judgment of acquittal." 2 Charles A. Wright, Federal Practice and Procedure: Criminal 2d § 469 at 673 (1982). His discussion involves the federal motion for judgment of acquittal contained in Rule 29(a), F.R.Crim.P., which is significantly similar to our Rule 29(a), N.D.R.Crim.P.[2] His reasoning provides:

motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment, information, or complaint after the evidence on either side is closed if the

"Further, Rule 29(a) requires the court to grant such a judgment 'on its own motion' if the evidence is insufficient to sustain a conviction. It would seem that if the evidence is indeed insufficient, and the court has failed to order an acquittal even though there was no motion, the court has failed to comply with the rule. This is an error of law that should be held fully reviewable."

*Id.* We agree. Therefore, because LaNora plead not guilty in a bench trial, she preserved the issue of sufficiency of the evidence for appeal. This new rule does not apply to criminal jury trials. A defendant in a criminal jury trial must still make a motion for a judgment of acquittal to preserve the issue of sufficiency of the evidence for appeal. *See, e.g., United States v. Rosas–Fuentes,* 970 F.2d 1379, 1381 (5th Cir.1992) (the Fifth Circuit, like a majority of the Federal Circuit Courts of Appeal, does not require a motion in a bench trial, but does require a motion in a jury trial to preserve the issue of sufficiency of the evidence for appeal).

We now consider the merit of LaNora's appeal. When reviewing sufficiency of the evidence on appeal, the only time we determine that a conviction rests on insufficient evidence is "when, even after viewing the evidence in the light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor, no rational factfinder could have found the defendant guilty beyond a reasonable doubt." *State v. Kringstad,* 353 N.W.2d at 306. If we conclude "that the prosecution has failed to produce sufficient evidence to prove its case," we must allow for the entry of a judgment of acquittal. *Id.*

LaNora was charged with violating Section 12.1–11–02(2)(b) and (e), N.D.C.C. The provision reads as follows:

*"False statements.*

\* \* \* \* \* \*

2. A person is guilty of a class A misdemeanor if, in a governmental matter, he [or she]:

\* \* \* \* \* \*

b. Intentionally creates a false impression in a written application for a pecuniary or other benefit, by omitting information necessary to prevent a material statement therein from being misleading;

\* \* \* \* \* \*

e. Uses a trick, scheme, or device which he [or she] knows to be misleading in a material respect."

The facts elicited through the investigation by Social Services and the testimony submitted at trial, when viewed in a light most favorable to the verdict, are sufficient to sustain a verdict of guilt. We do not have to go any further than LaNora's own testimony and admissions to find sufficient evidence. LaNora admitted that Brian had been staying with her in the household a few nights a week in November 1991. She also said that they decided, on December 1, 1991, that Brian would move back into her home on December 7, 1991. Yet she did not report that information in the forms she submitted to Social Services for benefits. She signed those forms on December 1, 1991. She also failed to report Brian's return until after the investigation had begun. Coincidentally, she had reported his return in the late months of 1990, the first time she and Brian attempted reconciliation, so she was mindful of the proper procedure to follow. Additionally, she admitted, in a hand-written statement to the

evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without having reserved the right.

*"(b) Motion at Close of All Evidence. [Reserved for Future Use].*

*"(c) Motion After Discharge of Jury.* If the jury is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or the court within such 7-day period may extend the time for making or renewing such motion. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury."

Rule 29, N.D.R.Crim.P.

Social Services investigator, the following: "I guess I didn't report because I was scared I wouldn't get no assisance [sic]. I wasn't aware of what I was doing, I guess I should have said something, I realize now I was wrong." In light of these facts, provided by LaNora herself, we find that there was sufficient evidence to support the verdict.

For the foregoing reasons, we affirm the order deferring imposition of sentence entered by the Stutsman County Court.

VANDE WALLE, C.J., and LEVINE, MESCHKE and SANDSTROM, JJ., concur.