STATE of North Dakota, Plaintiff
and Appellee,

v.

Kenneth LAMBERT, Defendant
and Appellant.

Cr. Nos. 950126, 950127.

Supreme Court of North Dakota.

Oct. 31, 1995.

Gerald A. Kuhn, State's Attorney, Napoleon, for plaintiff and appellee; submitted on brief.

Rodney Karl Feldner, Mandan, for defendant and appellant; submitted on brief.

NEUMANN, Justice.

Kenneth A. Lambert appeals from a Logan County District Court judgment of conviction entered upon a jury verdict finding him guilty of burglary and arson. We affirm.

■ Lambert argues on appeal the trial court erred by dismissing his motion for judgment of acquittal under Rule 29(a), N.D.R.Crim.P. A Rule 29(a) motion challenges the sufficiency of the evidence.[1] We

---

1. After the State had rested, Lambert made a Rule 29(a) motion. Rule 29(a) reads:

(a) **Motion Before Submission To Jury.** The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment, information, or complaint after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without having reserved the right.

note that, by making the motion, Lambert preserved the issue for appeal. *State v. Himmerick*, 499 N.W.2d 568, 573 (N.D.1993) (stating that a defendant in a criminal jury trial must make a motion for judgment of acquittal to preserve the issue of sufficiency of the evidence for appeal).

The standard of review for testing the sufficiency of the evidence on appeal requires us to view the evidence and all reasonable inferences that may be drawn therefrom in the light most favorable to the prosecution and then determine whether a rational factfinder could have found guilt beyond a reasonable doubt.[2] *Id.* Only if the evidence is insufficient to sustain a conviction will this court allow for the entry of a judgment of acquittal. *Id.*

Viewing the evidence and all reasonable inferences in the light most favorable to the prosecution, we believe the jury reasonably could have found the following facts. On July 3, 1994, around 1:30 a.m., a fire occurred at the rural farm of John Kleingartner. The fire was reported by a neighbor who saw it while driving home. The neighbor also had passed a car on that drive home matching the general description of one owned by Lambert's former girlfriend, Lois Larson. Up until shortly before the fire, Larson had been the girlfriend of Kleingartner and had resided with him at his farm.

At the time the neighbor saw the car, it was within a half mile of the location of the fire and was being driven away from the fire. A car matching the same description was later seen, at approximately 1:50 a.m., in the nearby town of Gackle.

Larson had reported her car stolen on June 30, 1994, but on July 6, 1994, it was returned to her by Lambert, who brought her to its location in the city of Jamestown. A route to Jamestown from the Kleingartner farm is through the town of Gackle. Also, because of his association with Larson and Kleingartner, Lambert had access to the keys of both the car and the Kleingartner farm.

Upon receiving the car, Larson notified the Jamestown Police Department who conducted a search of the car and found in the trunk a plastic bag containing loose cigarettes and a pair of gloves, one of which had what appeared to be a burn mark on the right thumb. The bag of cigarettes was identified as coming from a bedroom closet in the Kleingartner farm and the gloves belonged to Lambert. The State Fire Marshal's office investigated the fire and concluded it was not accidental but was deliberately set.

Finally, before the fire, Lambert confided in an acquaintance his intent to burn the Kleingartner farm and confided again, after the fire, his completion of the plan. He also repeatedly sought an alibi from the acquaintance. Apparently, Lambert was unhappy about his former girlfriend's relationship with Kleingartner. His plan was an effort to upset the relationship by making his former girlfriend homeless and leaving a trail for authorities leading to his former girlfriend.

Although the foregoing facts are circumstantial evidence, on appeal a verdict based on this type of evidence carries with it the same presumption of correctness as a verdict based on direct evidence. *State v. Breding*, 526 N.W.2d 465, 469 (N.D.1995). The State offered evidence going to each element of each crime for which Lambert was convicted.[3] This is all that is necessary to sustain a conviction challenged on sufficiency of the evidence grounds. *Himmerick*, 499 N.W.2d at 572 (stating a sufficiency of

---

**2.** The standard of review is the same "[w]hether the sufficiency of the evidence is questioned on motion for judgment of acquittal . . . at the close of the [State's] case, at the close of all the evidence, or after the return of a guilty verdict." *United States v. Austin*, 585 F.2d 1271, 1273 (5th Cir.1978). Regardless of which procedural stage the evidence is questioned, the trial court decides whether the State has made a sufficient showing of evidence to go to the jury. *Id.; United States v. Felice*, 481 F.Supp. 79, 87 (N.D.Ohio 1978).

**3.** Lambert was convicted of burglary and arson, violations of sections 12.1–22–02 and 12.1–21–01

of the North Dakota Century Code, respectively. The burglary statute reads in relevant part:

1. A person is guilty of burglary if he willfully enters or surreptitiously remains in a building or occupied structure, or a separately secured or occupied portion thereof, when at the time the premises are not open to the public and the actor is not licensed, invited, or otherwise privileged to enter or remain as the case may be, with intent to commit a crime therein.

NDCC § 12.1–22–02(1). The arson statute reads in relevant part:

the evidence challenge contends the State does not have sufficient evidence to convict because an element of the crime is missing).

Furthermore, though Lambert argues there was conflicting evidence concerning at least one witness' testimony,[4] our task on appeal does not include weighing conflicting evidence or judging the credibility of witnesses. *State v. Gefroh*, 495 N.W.2d 651, 655 (N.D.1993). This is left to the jury, and we "must assume that the jury believed the evidence which supports the verdict and disbelieved any contrary evidence." *Id.*

Because we conclude there was substantial circumstantial evidence reasonably tending to prove Lambert's guilt, we affirm the judgment.

VANDE WALLE, C.J., and LEVINE, MESCHKE and SANDSTROM, JJ., concur.

---

A person is guilty of arson ... if he starts or maintains a fire or causes an explosion with intent to destroy an entire or any part of a building or inhabited structure of another.... NDCC § 12.1–21–01.

4. For example, Lambert challenges the testimony of Alta Bills. On direct examination, Bills testified Lambert had told her, before the fire occurred on July 3, 1994, he intended to burn the Kleingartner farm and after the fire, had told her he had burned the farm. However, on cross examination, Bills became confused and less specific about when Lambert told her of these events. She indicated she was riding in Larson's car with Lambert and Larson she thought sometime before July 4, 1994, and they were discussing how to report to the police that Larson's car was now not stolen. This recollection of dates conflicts with Larson's, who stated the car was not returned until July 6, 1994.