1998 ND 19

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Carrie L. LUSBY, Defendant and Appellant.**

**Criminal No. 970222.**

Supreme Court of North Dakota.

Jan. 21, 1998.

Lori Sue Mickelson, Assistant State's Attorney, Jamestown, for plaintiff and appellee.

William A. MacKenzie, of MacKenzie & Reisnour, Jamestown, for defendant and appellant.

NEUMANN, Justice.

[¶ 1]Carrie L. Lusby appealed from a judgment of conviction for violating a disorderly conduct restraining order and from an order denying her motion for a new trial. We affirm.

[¶ 2]Anita Carow secured the following disorderly conduct restraining order against Lusby under N.D.C.C. Ch. 12.1–31.2:

"You are ordered not to have *any* contact with the Petitioner. You must immediately stop any disorderly conduct directed at the Petitioner. Violation of this order is punishable by up to one year in jail and a fine of up to $1,000.

"You violate this order if you:

"1. Call, write or visit the Petitioner, regardless of where this takes place, or have messages delivered to Petitioner through anyone other than your attorney;

"2. Enter the premises located at *509½ 3rd St SE Jamestown ND.*

"3. Take or damage any of Petitioner's property; Pontiac Grand AM 1987 White

"4. Have *any* physical contact with or threaten Petitioner.

" *Additional conduct by you that will violate this order includes: *Respondent violates this order if she is personally present at Dakota Clinic between the hours of 5:00 pm through 7:00 pm on Monday through Friday without an* appointment. Respondent *must* obtain an appointment at Dakota Clinic at all times."

[¶ 3]Shortly before 5:00 p.m., on January 17, 1997, Lusby assisted her mother into Dakota Clinic in Jamestown for an injection. Lusby's mother testified she needed Lusby's assistance to get into the clinic because her

"right leg is bad" and she "couldn't walk." Carow, who was working at the clinic, called the police department and reported that Lusby was in the clinic in violation of the restraining order. Two police officers arrested Lusby shortly after 5:00 p.m. for violating the restraining order. As she was leaving the clinic with the police officers, Lusby told Carow: "I'll see you in court."

[¶ 4]After a bench trial, the court found Lusby was "personally present at the Dakota Clinic for a measurable amount of time after 5:00 p.m. without an appointment," and found Lusby said, "I'll see you in court." The court concluded Lusby "violated a restraining order which she knew existed." Lusby appealed the judgment of conviction and a subsequent order denying her motion for a new trial.

■■■ [¶ 5]Lusby contends her conviction should be reversed because the evidence is insufficient to support the trial court's finding of guilt. We review challenges to the sufficiency of the evidence by drawing all inferences in favor of the verdict. *State v. Olson,* 552 N.W.2d 362, 364 (N.D.1996). "This court will reverse a criminal conviction only if, after viewing the evidence and all reasonable evidentiary inferences in the light most favorable to the verdict, no rational factfinder could have found the defendant guilty beyond a reasonable doubt." *Id.* "[A] challenge based on the sufficiency of the evidence is one couched in legal terms. In such a challenge, the defendant contends that the State does not have sufficient evidence to convict because an element of the crime is missing. It is a legal, rather than a factual, consideration." *State v. Himmerick,* 499 N.W.2d 568, 572 (N.D.1993).

■■■ [¶ 6]Anita Carow, one of the arresting police officers, and Lusby herself, all testified that, as she was leaving the clinic, Lusby told Carow, "I'll see you in court." That evidence shows Lusby delivered a message to Carow through someone other than her attorney, an act the restraining order specified would violate the order prohibiting Lusby from having any contact with Carow. From that evidence, a rational factfinder could reasonably have found Lusby guilty beyond a reasonable doubt. We conclude the evidence is sufficient to support the trial court's finding of guilt.

■■■ [¶ 7]Lusby contends the trial court abused its discretion in denying her motion for a new trial, arguing the finding of guilt is against the weight of the evidence. We will not reverse a trial court's denial of a motion for a new trial unless the court abused its discretion in denying the motion. *State v. Clark,* 1997 ND 199, ¶ 7, 570 N.W.2d 195; *State v. Dilger,* 338 N.W.2d 87, 97 (N.D. 1983). A trial court may grant a new trial "if it determines that the verdict, although supported by legally sufficient evidence, is against the great weight of the evidence." *State v. Oasheim,* 353 N.W.2d 291, 293 (N.D. 1984). Three witnesses, including Lusby, testified Lusby told Carow, "I'll see you in court." There was no contrary evidence. The restraining order prohibiting Lusby from having any contact with Carow specified that delivering a message to Carow through anyone other than her attorney would violate the order. We conclude the finding of guilt is not against the weight of the evidence and the trial court did not abuse its discretion in denying Lusby's motion for a new trial.

[¶ 8]The trial court based its finding of guilt on two things: (1) Lusby spoke to Carow at Dakota Clinic; and (2) Lusby was present at Dakota Clinic after 5:00 p.m. without an appointment.[1] Lusby argued she believed the restraining order did not prevent her from bringing her mother into the clinic after 5:00 p.m. if her mother had an appointment and she notified the clinic she would be coming. In her closing argument at trial, the prosecutor recognized "the restraining order might not be exactly clear about who should have an appointment."

---

1. In sentencing Lusby, however, the trial court indicated that, while Lusby should not have been in the clinic, her statement to Carow was the more important facet of the case:

   "THE COURT: You get her to the door, you let the clinic have your mother. If your mother falls, you sue the clinic. You didn't have to be there.... If you hadn't said, I'll see you in court. If you hadn't looked at her and said, I'll see you in court, there was nothing to this case really."

[¶ 9]An order defining criminal behavior should be clear and unambiguous. *See, e.g., State v. Mertz,* 514 N.W.2d 662, 667 (N.D.1994) ("The due process clauses of the state and federal constitutions require definiteness of criminal statutes so that the language, when measured by common understanding and practice, gives adequate warning of the conduct proscribed and marks boundaries sufficiently distinct for judges and juries to fairly administer the law"). We construe ambiguous criminal statutes against the government and in favor of the accused. *State v. Brossart,* 1997 ND 119, ¶ 14, 565 N.W.2d 752. "We strictly construe conditions of probation in favor of the defendant." *State v. Monson,* 518 N.W.2d 171, 173 (N.D.1994). In *Monson,* we reiterated "that '[t]here is great value in making all conditions of release clear and capable of being understood by the offender in order that he knows exactly what is expected of him.'" 518 N.W.2d at 173, *quoting State v. Drader,* 432 N.W.2d 553, 554 n. 4 (N.D. 1988).

[¶ 10]The disorderly conduct restraining order in this case is far from a model of clarity. However, the evidence is sufficient to survive appellate review of the trial court's finding of guilt.

[¶ 11]The judgment of conviction and the order denying Lusby's motion for a new trial are affirmed.

[¶ 12] VANDE WALLE, C.J., and MARING, MESCHKE and SANDSTROM, JJ., concur.

