2000 ND 11

**CITY OF JAMESTOWN, Plaintiff and Appellee,**

v.

**Kyle NEUMILLER, Defendant and Appellant,**

No. 990225.

Supreme Court of North Dakota.

Jan. 19, 2000.

Lawrence P. Kropp, Kropp Law Office, Jamestown, ND, for defendant and appellant.

Charles J. Gilje, City Prosecutor, Jamestown, ND, for plaintiff and appellee.

KAPSNER, Justice.

[¶ 1] Kyle Neumiller appealed from a criminal judgment entered upon the trial court's verdict finding him guilty of driving while his license was under suspension ("DUS"). We hold there is sufficient evidence to support Neumiller's DUS conviction. We therefore affirm.

I

[¶ 2] On January 1; 1999, Neumiller was cited for DUS. Neumiller's license had been suspended for seven days beginning December 14, 1998, because he had accumulated twelve or more points on his driving record. The suspension was still in effect on January 1, 1999, because Neumiller had not surrendered his driver's license.

[¶ 3] A bench trial took place in July 1999. Without objection, the City introduced a certified Department of Transportation record, indicating an order of suspension which included a notice of opportunity for hearing was mailed to Neumiller on November 24, 1998. The record listed the effective date of the suspension order as December 14, 1998. The City's exhibit included a blank form of an order

of suspension which indicated an order of suspension is "pending" for a period of ten days during which the driver has an opportunity to request a hearing. Neumiller testified he did not receive the notice but conceded the address listed on the record, a post office box, was his proper mailing address. Neumiller's mother testified she retrieved all the mail from the post office box where both she and Neumiller received their mail and the notice had never arrived. Indicating the issue was whether Neumiller received notice of the suspension, the trial court acknowledged there is a presumption under N.D.C.C. § 31–11–03(24) "[t]hat a letter duly directed and mailed was received." The trial court found Neumiller guilty of DUS and entered judgment on July 15, 1999. Neumiller appealed.

## II

[¶ 4] Neumiller argues the City failed to establish he received notice his license was suspended prior to being stopped and cited for DUS and thus there is insufficient evidence to support his conviction. He emphasizes the City offered no testimony or affidavits proving the Department of Transportation mailed him notice of his suspension.

[¶ 5] We review a challenge to the sufficiency of the evidence by drawing all inferences in favor of the verdict. *State v. Lusby*, 1998 ND 19, ¶ 5, 574 N.W.2d 805. Reversal is warranted only if, after viewing the evidence and all reasonable evidentiary inferences in the light most favorable to the verdict, no rational factfinder could have found the defendant guilty beyond a reasonable doubt. *Id.; State v. Johnson*, 425 N.W.2d 903, 906 (N.D.1988) (indicating "[i]n a criminal trial to the court without a jury, our standard of review is the same as if the case had been tried to a jury").

[¶ 6] In a DUS case, the prosecution must prove the driver had notice his license was suspended. *State v. Egan*, 1999 ND 59, ¶ 8, 591 N.W.2d 150; *State v. Tininenko*, 371 N.W.2d 762, 764 (N.D. 1985). Here, the trial court did not expressly indicate it found Neumiller received notice of the suspension. However, by acknowledging the issue was whether Neumiller received notice and finding Neumiller guilty of DUS, the trial court validly found Neumiller received notice. *See State v. Smokey's Steakhouse, Inc.*, 478 N.W.2d 361, 362 (N.D.1991) (recognizing the trial court, in reaching its general verdict, "necessarily resolved disputes of fact against the defendant"); *see also City of Fargo v. Brennan*, 543 N.W.2d 240, 242 n. 1 (N.D.1996) (noting N.D.R.Crim.P. 23(d) requires a court to make a general verdict but does not require it to make special findings); N.D.C.C. § 1–01–41 (providing " 'verdict' includes not only the verdict of a jury, but also the finding upon the facts of a judge or of a master appointed to determine the issues in a cause").

[¶ 7] The City produced evidence Neumiller received notice. The Department of Transportation record indicates an order of suspension which included a notice of opportunity for hearing was mailed to Neumiller on November 24, 1998, and the effective date of the order was December 14, 1998. The record is certified by a Department of Transportation employee charged with the control of such records.[1]

[¶ 8] Section 31–11–03(24), N.D.C.C., provides "[t]hat a letter duly directed and mailed was received in the regular course of the mail" is a disputable presumption that may be contradicted by other evidence. Section 12.1–01–03(4)(a), N.D.C.C., provides for the use of presumptions and indicates "[i]f there is sufficient evidence of the facts which gave rise to the presumption, the presumed fact is deemed suffi-

---

1. The exhibit satisfies the authenticity requirement of N.D.R.Ev. 902(4). *See State v. Obrigewitch*, 356 N.W.2d 105, 108 (N.D.1984) (concluding rubber-stamped certified copies of Department of Transportation records meet the requirements of N.D.R.Ev. 902). Neumiller did not object to the exhibit's introduction.

ciently proved to warrant submission of the issue to [the factfinder]."

[¶ 9] The trial court recognized "[t]he order suspending the defendant's driver's license was served by sending it to the defendant at his mailing address" and cited N.D.C.C. § 31–11–03(24). We thus infer the trial court applied the presumption.

[¶ 10] Neumiller contends the exhibit is insufficient to raise the presumption; however, we decline to hold a certified record from the Department of Transportation is insufficient, as a matter of law, to raise the presumption under N.D.C.C. § 31–11–03(24). *See Nickisch–Ressler Funeral Home, Inc. v. Romanick*, 450 N.W.2d 416, 418 (N.D.1990) (rejecting the defendant's contention the evidence was legally insufficient to raise the presumption where "[a]lthough the [plaintiff's] employee who did the mailing and made the record was unavailable," the plaintiff "offered testimony from its business records to show mailing"); *see also American Ins. Co. v. Midwest Motor Express, Inc.*, 554 N.W.2d 182, 187 (N.D. 1996) (implying application of the presumption would be proper where "[the plaintiff's] credit specialist testified statements of premium adjustments in the usual course of business would be sent to the insured"). Because the record containing Neumiller's name and correct mailing address indicates the date of mailing and the date the order would take effect and because the record is certified, there is sufficient evidence "a letter [was] duly directed and mailed." We therefore conclude the trial court did not err in applying the presumption.

[¶ 11] Although the trial court did not state Neumiller failed to rebut the presumption, the trial court properly referenced the presumption as "contradict[able] by other evidence"; indicated it based its decision on the testimony, evidence, and the law; and found Neumiller guilty. We infer from the general verdict of guilty the trial court found Neumiller failed to rebut the presumption.

[¶ 12] Emphasizing both he and his mother testified no notice was received, Neumiller contends the presumption was rebutted. However, the mere fact some evidence has been introduced to contradict the presumption does not mean it has been rebutted. *State v. Wolff*, 512 N.W.2d 670, 673 (N.D.1994). A trial court is not obliged to believe the testimony of defense witnesses. *State v. Tininenko*, 371 N.W.2d 762, 765 (N.D.1985). Rather, a trial court's determination of whether the presumption was rebutted is a question of fact which will not be overturned if there is competent evidence to support the finding. *See State v. Knittel*, 308 N.W.2d 379, 382 (N.D.1981) (upholding dismissal of the State's appeal from a DUS acquittal where the trial court "reach[ed] a factual determination that [the defendant] had not received notice of the opportunity for hearing or of the suspension"). We do not substitute our judgment for the judgment of the trial court because the trial court is better positioned to determine credibility:

> On the question of credibility of witnesses, reading a cold transcript is no substitute for hearing and observing witnesses as they testify. Tones of voice, hesitations, confusion, surprise, and other telltale indications of mental state convey to trial judges and jurors much that is lost to appellate judges. If we were to judge from the cold print, we might decide many cases differently than trial judges do, and this case might be one of them. But, if we decided differently, we would have no assurance that ours was the better decision. We are reluctant to reverse factual findings of juries or trial judges. . . .

> In criminal cases we have repeatedly held that at the appellate level we do not substitute our judgment for that of the jury or trial court where the evidence is conflicting, if one of the conflicting inferences reasonably tends to prove guilt and fairly warrants a conviction.

*Tininenko*, at 764–65 (citations omitted) (upholding the trial court's determination the evidence presented by the defendant concerning nonreceipt of the notice of suspension failed to rebut the presumption of delivery of notice under N.D.C.C. § 31–11–03(24)).

[¶ 13] Here, there is sufficient evidence Neumiller failed to rebut N.D.C.C. § 31–11–03(24)'s presumption. The trial court reviewed the City's exhibit and heard the witnesses' testimony. The trial court was not obliged to believe Neumiller and his mother or to give their testimony greater weight than the City's exhibit. Viewing the evidence and all reasonable evidentiary inferences in the light most favorable to the verdict, we conclude a rational factfinder could have found Neumiller failed to rebut the presumption under N.D.C.C. § 31–11–03(24). The unrebutted presumption establishes Neumiller received notice of his suspension.

### III

[¶ 14] Because there is sufficient evidence to support Neumiller's conviction, we affirm the judgment.

[¶ 15] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, JJ., concur.