2015 ND 283

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Daryl Edward HENNINGS, Defendant and Appellant.**

No. 20150096.

Supreme Court of North Dakota.

Dec. 2, 2015.

Katherine M. Naumann, Jamestown, ND, for plaintiff and appellee.

Lee M. Grossman, Valley City, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Daryl Hennings appeals from a criminal judgment finding him guilty of operating a vehicle while under the influence of alcohol. Hennings argues insufficient evidence existed to convict him because the State did not prove he was driving a motor vehicle while under the influence of alcohol. We affirm and remand for entry of judgment consistent with this opinion.

I

[¶ 2] Stutsman County Deputy Sheriff Thom was dispatched on September 13, 2014, at 7:45 p.m. to investigate a complaint dirt-bikes were being driven at the Pipestem Dam recreational area near Jamestown. When Thom arrived he heard dirt-bikes near the bottom of the dam and saw a headlight in the trees. Approximately ten minutes later Thom came to a prairie trail where he saw Hennings and another man, Wayne Deery, standing by two dirt-bikes. Thom smelled alcohol when he approached the men. A third man, Gary Ronholm, approached on a dirt-bike. While Thom checked the men's driver's licenses in his vehicle, Deery fled the scene on foot. Thom called for assistance and Sergeant Hoyt and Trooper Sova arrived approximately fifteen minutes later.

[¶ 3] Thom and Hoyt searched for Deery while Sova administered field sobriety tests on Hennings and Ronholm. Hennings failed four field sobriety tests and was arrested at 8:53 p.m., approximately forty-six minutes after Thom first observed him. At 9:28 p.m. Sova administered an Intoxilyzer test on Hennings at the Stutsman County Correctional Center, which produced a .168 BAC reading. Hennings was charged and found guilty of "Person Under the Influence of Intoxicating Liquor or Any Other Drugs or Substance Not to Operate Vehicle," in violation of N.D.C.C. §§ 39–08–01(1)(a) and 39–08–01(1)(b). Hennings appeals.

II

[¶ 4] Hennings argues the evidence was insufficient to prove beyond a reasonable doubt he drove a vehicle while under the influence of alcohol. Under N.D.C.C. § 39–08–01(1)(a)–(b):

"1. A person may not drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if any of the following apply:

a. That person has an alcohol concentration of at least eight one-hundredths of one percent by weight at the time of the performance of a chemical test within two hours after the driving or being in actual physical control of a vehicle.

b. That person is under the influence of intoxicating liquor."

[¶ 5] "We review challenges to the sufficiency of the evidence by drawing all inferences in favor of the verdict." *State v. Lusby*, 1998 ND 19, ¶ 5, 574

N.W.2d 805 (citing *State v. Olson*, 552 N.W.2d 362, 364 (N.D.1996)). The criminal conviction will be reversed " 'only if, after viewing the evidence and all reasonable evidentiary inferences in the light most favorable to the verdict, no rational factfinder could have found the defendant guilty beyond a reasonable doubt.' In its review, this Court will not weigh conflicting evidence or judge the credibility of witnesses." *State v. Bitz*, 2008 ND 202, ¶ 7, 757 N.W.2d 565 (internal citations omitted).

[¶ 6] Actual Physical Control ("APC") is a separate offense from Driving Under the Influence ("DUI"), though both offenses can be charged under the same statute. *State v. Jacobson*, 338 N.W.2d 648 (N.D.1983). The criminal information filed here alleged Hennings drove a motor vehicle in violation of N.D.C.C. § 39–08–01(1)(a)–(b). The district court found Hennings guilty of DUI. The court does not need to make findings in a criminal case. *State v. Berger*, 235 N.W.2d 254, 263 (N.D. 1975). Here, the court's explanation of the reasons were less than clear and included mention of Thom observing and hearing motor bikes operating in the area and later locating Hennings and Deery and two dirt-bikes that were not running at the time. The court also stated "pushing the motorcycles is driving under our statutes."

[¶ 7] At trial Thom testified that when he arrived at Pipestem Dam he drove down an empty two-wheel, track-type, section line road. Thom went up the road and looked around using binoculars for approximately ten minutes. Thom could hear more than one dirt-bike. When Thom came back down the road he observed two dirt-bikes, Hennings and Deery standing in the road and he could smell alcohol when he approached. Sova also testified Hennings smelled of alcohol and that he failed four field sobriety tests.

Sova testified he administered a chemical breath test, which Hennings failed.

[¶ 8] Ronholm testified he met Hennings and Deery earlier that day at Hennings' residence. Hennings owned three dirt-bikes, which the men rode to the Pipestem Dam late in the afternoon. Ronholm testified they packed a duffel bag with two bottles of whiskey and tied the bag to one of the bikes. Ronholm testified the men drove the bikes around the dam, stopped to take breaks and "had a drink." Hennings testified he was drinking beer at his house before leaving for the dam. Hennings alleges he rode the dirt-bike until it broke down, approximately forty-five minutes before Thom stopped him. Hennings testified he was not driving the dirt-bike when the officer arrived because it was inoperable and instead had pushed the dirt-bike to the road. Hennings testified after the dirt-bike broke down, he and Deery took about a dozen shots of whiskey as they took turns pushing the broken dirt-bike about 300 yards up a hill and back to the road.

[¶ 9] "In its review, this Court will not weigh conflicting evidence or judge the credibility of witnesses." *State v. Bitz*, 2008 ND 202, ¶ 7, 757 N.W.2d 565 (citing *State v. Sabo*, 2007 ND 193, ¶ 18, 742 N.W.2d 812). Like a jury, the district court is the finder of fact and is in a superior position to assess the credibility of witnesses and weigh the evidence. *See City of Fargo v. Lee*, 1998 ND 126, ¶ 7, 580 N.W.2d 580. The district court was not obligated to believe testimony about either the condition of the bike or when the drinking or driving occurred. Testimony at trial from the defendant, his friends and law enforcement provided evidence Hennings was operating the dirt-bike while under the influence of alcohol. A rational fact-finder could find Hennings in violation

of N.D.C.C. § 39–08–01(1)(a)–(b) beyond a reasonable doubt.

[¶ 10] Hennings argues the district court improperly relied on *State v. Larson*, 479 N.W.2d 472 (N.D.1992), in making its decision. In *Larson*, the defendant was stopped by highway patrol while steering an inoperable bus being pushed from behind by a man driving a pick-up truck. *Id.* at 472. Larson was convicted of DUI and appealed. *Id.* at 473. This Court noted Larson was charged with DUI instead of APC and therefore "driving" was an essential element. *Id.* This Court stated "driving" means "to control the movement or direct the course of ... an automobile." *Id.* (citing *Webster's New World Dictionary of the American Language* 427 (2nd College Ed.1980)). In *Larson*, the court found the defendant directed the movement of the bus by steering and controlling the brakes and this Court affirmed the conviction. *Id.* at 474.

[¶ 11] Words in statutes are understood in the ordinary sense unless the words are defined. N.D.C.C. §§ 1–02–02, 1–02–03. Section 39–01–01(18), N.D.C.C., states a "Driver" is "every person who drives or is in actual physical control of a vehicle." A " 'Vehicle' includes every device in, upon, or by which any person or property may be transported or drawn upon a public highway, except devices moved by human power or used exclusively upon stationary rails or tracks." N.D.C.C. § 39–01–01(101). The State argues Hennings, like Larson was guilty of DUI because he could direct the movement of the dirt-bike by steering and controlling the brakes whether driving or pushing the dirt-bike. We do not need to decide that question because other evidence of Hennings' driving prior to being located by Thom supports the conviction. We therefore conclude the district court did not err in finding Hennings' guilty of DUI.

### III

[¶ 12] Hennings argues the evidence was insufficient to prove beyond a reasonable doubt he was in actual physical control of a vehicle while under the influence of alcohol. The district court referenced actual physical control in its ruling at trial. However, the district court's analysis appears to relate to the statutory definition of driver, which is a person "in actual physical control of a vehicle." N.D.C.C. § 39–01–01(18). The State did not charge Hennings with APC. Hennings was charged with and found guilty of DUI. Therefore, this argument need not be addressed.

### IV

[¶ 13] The criminal judgment incorrectly declares Hennings pled guilty to violating N.D.C.C. 39–08–01(1)(a)–(b). We remand for the district court to correct the clerical error in the judgment to reflect Hennings was found guilty of, rather than pled guilty to, violating N.D.C.C. 39–08–01(1)(a)–(b).

### V

[¶ 14] Sufficient evidence existed to support Hennings' DUI conviction. We affirm the criminal judgment and remand for entry of judgment consistent with this opinion.

[¶ 15] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.